Filed 8/24/16  P. v. Gilbert CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>RENE JOSEPH GILBERT,<br><br>      Defendant and Appellant. | H043298<br>(Santa Clara County<br>Super. Ct. No. B1581828) |

Defendant Rene Joseph Gilbert pleaded no contest to a count of false impersonation (Pen. Code, § 529)[1] and giving a false name to a peace officer (§ 148.9). He was sentenced to 32 months in prison.  On appeal, his counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  Counsel has declared that defendant was notified that an independent review under *Wende* was being requested. We advised defendant of his right to submit written argument on his own behalf within 30 days.  Thirty days have elapsed, and defendant has not submitted a letter brief.

Pursuant to *Wende*, we have reviewed the entire record and have concluded that there are no arguable issues.  We will provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed."  (*People v. Kelly* (2006) 40 Cal.4th 106, 110.)

---

[1] Unspecified statutory references are to the Penal Code.

On September 28, 2015, officers detained defendant during a traffic stop. Defendant identified himself verbally and with a passport as Richard Fisher. Officers cited and released defendant for driving while unlicensed and for possessing methamphetamine. Officers confiscated his wallet after determining it belonged to an individual named Rene Gilbert. Defendant was transferred to Stanford Hospital after he fell ill.

A few hours later, defendant went to the police station and identified himself as Rene Gilbert. He told officers his wallet had been taken from him earlier by another deputy. Officers conducted a warrants check and learned defendant was on parole and had a no-bail warrant. Officers also obtained photographs of defendant and Richard Fisher from the Department of Motor Vehicles and confirmed that defendant's name was Rene Gilbert. Officers then searched defendant's property and found that he had a bill of sale for a vehicle that had been sold to Richard Fisher. Defendant was subsequently arrested.

The following day, officers found defendant's backpack next to the police station. The backpack contained a passport, debit cards, and credit cards belonging to Richard Fisher. It also contained three blank Bank of America checks, a notebook with over a dozen names of people and their personal information, and multiple documents of accounts opened in Richard Fisher's name.

On October 1, 2015, defendant was charged by complaint with a count of false impersonation (§ 529) and giving a false name to a peace officer (§ 148.9). It was further alleged that defendant had two prior convictions (§§ 667, subds. (b)-(i), 1170.12, 667.5, subd. (b)).

---

[2] Since defendant pleaded no contest, the factual circumstances of his offense are taken from the probation officer's report.

On October 5, 2015, defendant pleaded no contest to both counts and admitted the prior convictions with the understanding that he would be sentenced to a maximum term of 32 months in prison and would be given the opportunity to file a motion under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

On January 15, 2016, the trial court heard defendant's *Romero* motion. After considering the arguments made by the defendant and the People as well as the evidence in the record, the court denied the motion. Defendant was sentenced to 16 months for the count of false impersonation, which was doubled because of his prior strike. The trial court sentenced defendant to 10 days in county jail for the misdemeanor count of giving a false name to a police officer to be served concurrently with his sentence for the false impersonation count. He was ordered to pay a restitution fine (§ 1202.4) of $600.

We have conducted an independent review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436 and *People v. Kelly*, *supra*, 40 Cal.4th 106. We conclude there are no arguable issues on appeal.

## DISPOSITION

The judgment is affirmed.

_____
                     Premo, J.

WE CONCUR:

_____
       Rushing, P.J.

_____
       Elia, J.

People v. Gilbert
H043298